# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

EDUARDO CRUZ-RIVERA,
Defendant.

CRIMINAL NO.: 00-035 (JAF)

### UNITED STATES OF AMERICA'S MOTION IN RESPONSE
### TO COURT'S ORDER TO SHOW CAUSE AS TO WHY THE
### DEFENDANT'S REVOCATION SHOULD NOT BE SET ASIDE

**TO THE HONORABLE COURT:**

COMES NOW the **UNITED STATES OF AMERICA**, by and through the undersigned

attorneys and very respectfully submits the following response to Court's Order to Show Cause.

On November 1, 2000, defendant Eduardo Cruz-Rivera was sentenced by this Court (Case

No. 00-35(JAF)) to serve an imprisonment term of forty-six (46) months followed by term of

supervised release of five (5) years, after he pleaded guilty to a violation of 21 U.S.C. § 841(A)(1)

for possession with intent to distribute approximately two-hundred and eight (208) grams of cocaine

base (crack). On December 2, 2002, Cruz-Rivera was released from custody, at which time he

commenced the term of supervised release imposed. Besides the standard conditions of supervision,

the defendant was ordered to refrain from possessing controlled substances and firearms or other

dangerous weapons. See Judgment, DE[1] 51.

---

[1] "DE" stands for "docket entry(ies)." All docket entry references are to Case No. 00-35, unless otherwise noted.

United States of America's Motion in Reponse to Court's Order.../
Criminal No. 00-035 (JAF)

On January 27, 2006, probation officer Carlina Cortes filed a Motion for Revocation of Supervised Release ("Motion"), informing the Court that Cruz had violated the terms of his supervised release in the following manner: he was arrested on January 17, 2006, and found in possession of a pistol, an assault rifle and approximately 900 capsules of cocaine base.  The Motion also informed the Court: that the case had been brought to State Superior Court in Bayamón, where the local judge found no probable cause against the offender; that, subsequently, the offender was once again arrested by the Alcohol, Tobacco and Firearms ("ATF") agency, and charged with violating 21 U.S.C. §§ 841(1)(1) and (B)(1)(A), for distribution and possession with intent to distribute fifty (50) grams or more of crack cocaine, and violating 18 U.S.C. § 924(c)(1)(A)(1), for possession of firearms.  See DE 66; see also DE 1, 5 in Case No. 06-27.

After holding a hearing, this Court determined that the defendant had indeed violated the terms of his supervised release by being in possession of two (2) weapons – including an AK-47 assault rifle – approximately 900 capsules of cocaine base (net weight: 111 grams).  See Judgment for Revocation of Supervised Release Term, DE 80, p. 1; see also Transcript of Order to Show Cause Hearing ("Revocation Hearing"), DE 87, pp. 8-12.

Subsequently, Case No. 06-27, in which the defendant was charged with the same acts that formed the basis of the revocation in Case No. 00-35, was dismissed upon the government's request. See DE 70-72 in Case No. 06-27.  The very next day, the defense filed a motion asking this Court to reconsider its revocation of Cruz-Rivera's supervised release in Case No. 00-35, based on the fact that Case No. 06-27 had been dismissed.  See DE 98.

As the defense partially points out in its motion for reconsideration, the government

2

United States of America's Motion in Reponse to Court's Order.../
Criminal No. 00-035 (JAF)

requested the dismissal of Case No. 06-27 because one of the agents lied about seeing the butt of a

pistol inside Cruz-Rivera's car,[2] thereby eliminating the "probable cause" that enabled the officers

to arrest the defendant and conduct the corresponding search of his vehicle, which yielded the

previously mentioned drugs and firearms.[3] This rendered the contraband inadmissible in court since

it was the product of a violation of the defendant's 4th Amendment rights against unlawful searches.

See United States v. Ross, 456 U.S. 798 (1982); Thornton v. United States, 541 U.S. 615 (2004);

United States v. Maldonado, 356 F.3d 130 (1st Cir. 2004). Notwithstanding said violation, the Court

should not set aside the defendant's revocation of supervised release and its corresponding sentence.

To revoke probation, the sentencing court must make both a retrospective determination that

the probationer has violated a condition of his probation, and a discretionary, prospective

determination that any violation(s) warrants revocation. Black v. Romano, 471 U.S. 606, 611;

United States v. Gallo, 20 F.3d 7, 13 (1st Cir. 1994). The government need not prove a violation

beyond a reasonable doubt, but must **merely satisfy** the court that a violation occurred. United

States v. DiIanni, 87 F.3d 15, 17 (1st Cir. 1996); Gallo, 20 F.3d at 14.

"The second step requires individualized evaluation of the particular probationer and 'a

predictive decision, based in part on [an] assessment of [his] propensity toward antisocial conduct.'

" DiIanni, 87 F.3d at 17 (quoting Gallo, 20 F.3d at 14).

_____

[2] The car was originally stopped because Cruz committed several traffic violations while
driving his car.

[3] The government is in the process of obtaining an ATF Report that corroborates this, and
offers further details about the matter. The report, which will serve as an attachment for the
present motion, will be filed with the court within the next seven (7) days.

3

United States of America's Motion in Reponse to Court's Order.../
Criminal No. 00-035 (JAF)

Here, this Court determined that the defendant had violated the terms of his supervised release by being in possession of two (2) weapons – including an AK-47 assault rifle – approximately 900 capsules of cocaine base (111 grams of crack cocaine).  See Judgment for Revocation of Supervised Release Term, p. 1; see also Revocation Hearing, pp. 8-12.  As explained below, the fact that this evidence was seized in violation of the Fourth Amendment – and that the related case (No. 06-27) was dismissed – should not alter the Court's sentence for the defendant's violation of the conditions of supervised release.

A District Court in the First Circuit, as well as every Circuit Court to resolve the issue, have refused to exclude allegedly wrongfully seized evidence in determining whether a defendant's parole, probation, or supervised release should be revoked.  See United States v. Gravina, 906 F.Supp. 50, 53 (D.Mass. 1995) (citing United States v. Finney, 897 F.2d 1047, 1048 n. 3 (10th Cir. 1990)); see also United States v. Armstrong, 187 F.3d 392 (4th Cir. 1999); United States v. Pittman, 2006 WL 3498334 (9th Cir. 2006); United States v. Bazzano, 712 F.2d 826, 832-34 (3d Cir. 1983); United States v. Farmer, 512 F.2d 160, 162 (6th Cir. 1975); United States v. Frederickson, 581 F.2d 711, 713 (8th Cir. 1978); United States v. Montez, 952 F.2d 854 (5th Cir. 1992).

"As this is well-trod ground, extensive analysis is unnecessary."  Gravina, 906 F.Supp. at 53. In fact, when asked by the Court what effect a 4th Amendment search violation would have on the defendant's revocation, defense counsel himself acknowledged that the exclusionary rule does not apply to revocation proceedings.  See Revocation Hearing, pp. 4-5.  Which is presumably why this Court noted that "[i]f [Case No. 06-27] falls through [the] cracks[,] that is a different situation.  This one is a violation of supervised release."  Revocation Hearing, p. 8.

4

United States of America's Motion in Reponse to Court's Order.../
Criminal No. 00-035 (JAF)

"The [government] agrees with [this Court's inferred] position that the crucial goals of supervised release and probation-the reintegration into society of its nonconforming members and the protection of the public from criminals-outweigh whatever marginal and speculative deterrent effect the imposition of the exclusionary rule may have." Gravina, 906 F.Supp. at 53; see also Montez, 952 F.2d at 858-59; United States v. Winsett, 518 F.2d 51, 54-55 (9th Cir. 1975); United States v. Calandra, 414 U.S. 338, 347-48 (1974). The revocation determination requires "a narrow inquiry; the process should be flexible enough to consider evidence ... that would not be admissible in an adversary criminal trial." Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (Burger, C.J.) (parole revocation).

"Such an inquiry may properly include evidence which may not be admissible in the prosecution's case-in-chief at a criminal trial; the Court thus need not determine whether the evidence adduced at the hearing was seized in violation of the Fourth Amendment." Gravina, 906 F.Supp. at 53. Such was the case here, where the Court "did[] properly consider and rely upon, at least in part, the evidence taken from [Cruz's car] following his arrest in revoking his supervised release." Gravina, 906 F.Supp. at 54. The Court even recognized the possibility that said evidence might not be admissible in the prosecution's case-in-chief in Case No. 06-27, but made it clear that its determination would not be affected even if the other case were dismissed. See Revocation Hearing, p. 8 (The Court noted that "[i]f [Case No. 06-27] falls through [the] cracks[,] that is a different situation. This one is a violation of supervised release."); see also Revocation Hearing, pp. 4-5 (Where the Court implies that a 4th Amendment search violation would have no effect on the defendant's revocation.).

5

United States of America's Motion in Reponse to Court's Order.../
Criminal No. 00-035 (JAF)

In sum, the exclusionary rule does not apply to supervised release revocation hearings, and does not bar the admission of evidence seized in violation of the Fourth Amendment.  The Court therefore properly (1) declined to determine whether certain evidence proffered by the government in this case had been seized illegally and (2) considered and relied, at least in part, upon the evidence seized in deciding that Cruz had violated the terms of his supervised release.

Lastly, given the relationship between the defendant's probation infractions and his past criminal conduct, this Court properly concluded that the defendant's post-release activities suggested that he was positioning himself incognito to get right back into his old criminal ways.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of May, 2007.

_____
*s/Germán A. Rieckehoff*
*Germán A. Rieckehoff*
*U.S.D.C.-PR No.  217704*
*Room 1201, Torre Chardón*
*350 Carlos Chardón Ave.*
*Hato Rey, Puerto Rico 00918*
*Tel. (787) 766-5656*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2007, I electronically filed the foregoing motion with the Clerk of the Court, using the CM/ECF system which will send automatic notification of such filing to the attorney of record for defendant.

_____
*s/Germán A. Rieckehoff*
*Germán A. Rieckehoff*

6